**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MAY CHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:26-cv-01355 (UNA) |
| | ) | |
| BLACK PERPETRATORS | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this matter as frivolous and malicious.

Plaintiff, a resident of the District of Columbia, sues unnamed "Black Perpetrators," in contravention of D.C. Local Civil Rule 5.1(c)(1).  *See* Compl. at 1–3.  The Complaint is also unsigned, contravening Federal Rule 11(a).  The allegations fare no better, consisting of a vague laundry list of unconnected events dating "[f]rom September 2025 to March 2026 6-7 months," during which Plaintiff alleges that she [sic] "experienced repeated and constant deprive rights, racial retaliation, bullying, violation of civil rights, intentional harm from a group of Black perpetrators which caused severe alarm, humiliation, distress, anxiety, homeless, instability, injuries, trauma, pain, suffering in the District of Columbia such as irreparable harm, irreparable injuries, irreparable damages, irreparable loss, irreparable loss of time, irreparable loss of reputation etc."  *See id*. at 4–5.  She demands a "continued Injunction Relief against Black people . . . due to the most recent criminal activities," "criminal prosecution," and $885 sextillion in damages.  *See id.* at 4–5.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).  The instant Complaint falls into both categories; accordingly, the court cannot exercise subject matter jurisdiction over it.  *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment.").  As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08 (D.C. Cir. 1981).  And much like the allegations, Plaintiff's claim for $885 sextillion in damages is also frivolous.  *See Shells v. NRA*, 23-cv-02335, 2023 WL 11658586, at *1 (D.D.C. Sept. 13, 2023) (dismissing complaint for lack of subject matter jurisdiction where plaintiff demanded a "frivolous amount" in damages and made "no other attempt to quantify damages[.]") (citing *Carroll v. Merriwether*, 921 F. Supp. 828, 830 (D.D.C. 1996) (dismissing complaint for lack of subject matter jurisdiction where plaintiff's alleged amount in controversy was "utterly frivolous")).

Accordingly, the Complaint, ECF No. 1, and this case, are dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).  A separate Order accompanies this Memorandum Opinion.

Date:   June 12, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge